IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FLUENT HOME LTD, a Canadian corporation, and FLUENT HOME, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>v.<br><br>JACK ELBAUM, an individual, CHAD BINGHAM, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br>Case No. 2:18-cv-00570 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Judge Tena Campbell in accordance with 28 U.S.C. 636(b)(1)(A).[1] Before the court is Defendants' Motion to Stay.[2] The court is not persuaded by Defendants arguments. As discussed below, the court finds Defendants do not meet the factors for a stay. Further, Defendants past conduct and the circumstances in this case weigh against granting Defendants' motion.

Background

Plaintiffs Fluent Home Ltd and Fluent Home (collectively Plaintiffs or Fluent Home) are a home automation company that develops, installs and services "state-of-the-art security, technology, energy management, convenience and mobile application for the home."[3] Defendants, Jack Elbaum and Chad Bingham, were respectively Plaintiffs' former President and Research and Development managers.[4] In their employment responsibilities Defendants had

---

[1] ECF No. 20, ECF No. 31.

[2] ECF No. 23.

[3] Complaint ¶ 18, ECF No. 2.

[4] *See id* ¶¶ 8-14, 19, 27-28.

access to information regarding a security system named Gabriel.[5] At the time Defendants ended their employment relationship with Plaintiffs in March 2015, Gabriel was nearly complete.

In April 2018, Defendants attended a security industry trade show in Las Vegas, Nevada, where they were introduced to Michael Casperson.[6] Mr. Casperson is a co-founder and co-president of Crozar, LLC. Crozar designs and manufactures security panels for use in home automation.[7] Defendants told Mr. Casperson about a panel and alarm system they had developed, which was nearly ready to be manufactured. Mr. Casperson expressed interest in the system. However, based on rumors within the industry that Fluent Home was developing its own panel system, Mr. Casperson repeatedly asked Defendants whether they owned this new system. Defendants continued to represent ownership rights in the system. Mr. Casperson agreed to meet with Defendants further.

In May 2018, Defendants came to Crozar's offices to discuss the system further. They brought a laptop with them and showed Mr. Casperson files and images of the new home security system and panel. Some of the files shown by Defendants had Fluent marked on them. Alarmed by what he saw, Mr. Casperson decided to contact the owner of Fluent, Graham Wood. Undeterred by his concerns, Defendants encouraged Mr. Casperson to contact Mr. Wood and reassured him of their ownership rights in the system.[8]

Mr. Casperson contacted Mr. Wood to inquire about the system. Mr. Wood informed him that the system belonged to Fluent Home. Mr. Wood then initiated a three-way call with one of the Defendants and Mr. Casperson. During the call one of the Defendants denied trying to sell

---

[5] *See id.* ¶¶ 21-24.

[6] *See* Decl. M.Casperson ¶¶ 2-4, ex. 1, ECF No. 26-1.

[7] *See id.* ¶¶4-5.

[8] *See id.* ¶¶ 7-8.

the system. Following the phone call Mr. Casperson visited Fluent Home's offices and verified that the system he was shown as available for purchase by Defendants was the Gabriel home security system and panel.[9] This suit followed in July 2018.

Analysis

The court has inherent power to stay proceedings in matters pending before it.[10] This includes discretion to stay discovery pending resolution of a motion to dismiss.[11] Reaching such a determination as to whether or not to stay a matter "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[12] In exercising this judgment courts in this circuit have applied a variety of factors.[13] These include: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the interests and burdens on the parties; (4) the interests of others, such as nonparties or the public, in staying or proceeding with the case and (5) the impact to the court of staying a matter.[14]

Having considered these factors, the court finds that Defendants have failed to meet their burden. As to the first factor, a stay could potentially promote judicial economy. The evidence in this case concerning Defendants' conduct, however, undermines this factor. Further, there is no

---

[9] *See id*. ¶¶9-10.

[10] *See Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)); *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

[11] *See Matrix Grp., LLC v. Innerlight Holdings, Inc*., 2012 WL 5397118, at *4–5 (D. Utah Nov. 5, 2012) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997)).

[12] *Landis*, 299 U.S. 248, 254.

[13] *See e.g., Gale v. Brinker International Payroll Co.*, 2010 WL 3835215, *1 (D. Utah Sept. 29, 2010) (quoting *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, 2008 WL 4723008, at *2 (W.D.Okla.2008)); *Sykes v. LivaNova Deutschland GMBH*, 2018 WL 286791, at *1 (D. Colo. Jan. 4, 2018) (citing *String Cheese Incident*, 2006 WL 894955, at *2 (D. Colo. March 30, 2006)).

[14] *See id.*

suggestion that a stay would avoid confusion or inconsistent results. Third, the evidence before the court creates circumstances where prompt discovery is warranted. Plaintiffs have demonstrated serious concerns about the inappropriate distribution of trade secrets surrounding the Gabriel home security system. Defendants self-serving assertions that they "agree not to disclose and to return any … trade secrets in their possession in the future should they find they are in possession of trade secrets" does not alleviate these concerns.[15] Next, the interests of others favor denying a stay. The record demonstrates that third-parties have expressed concern over the ownership of the Gabriel system. Allowing discovery to proceed will help provide certainty to other parties and the public regarding ownership. And finally, the impact to the court in staying this matter is minimal. In fact, allowing discovery may expedite the settlement of this case.

## Conclusion

It is therefore ORDERED that Defendants' Motion to Stay is DENIED.

DATED this 1 March 2019.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[15] Mtn. p. 5.